IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    CRIM. NO. 3:14-CR-40 (CAR-CHW) |
| v. | : |
| | : |
| DAVID BENTON. | : |
| | : |

Filed at 2:20 P.M.
Deputy Clerk, U.S. District Court
Middle District of Georgia

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and DAVID BENTON, hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Superseding Information in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant the attorney's understanding of the Government's evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be entitled to the services of a lawyer at all stages of such a trial. Defendant understands that Defendant would be entitled to confront and to cross-examine the United States' proof, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf,

1

DB
CW

but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's lawyer. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. Defendant therefore agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A)   Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the Superseding Information, which charges Defendant with Conspiracy to Possess with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 846, in connection with Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

(B)   Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant on Count One to a maximum term of imprisonment of twenty (20) years, a $1,000,000.00 fine, or both, and at least three (3) years of

*DB*
*CW*

supervised release. Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 (per count).

(C) Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's counsel, the Government, or the Probation Office. Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the Government, Defendant's counsel, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct guideline range.

(D) Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a pre-sentence investigative report has been completed. Defendant understands and has discussed with Defendant's attorney that Defendant will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein. Defendant understands and has discussed with Defendant's attorney that any objections or challenges by Defendant or Defendant's attorney to the Pre-Sentence Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E) Defendant understands and has discussed with Defendant's attorney that after the Court determines the applicable guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.

(F) Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

3



(G) Defendant understands that ordinarily 18 U.S.C. § 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a defendant's sentence. But once this agreement is accepted and sentence is imposed by the District Court, Defendant by this agreement forever waives any right to an appeal or other collateral review of Defendant's sentence in any court. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then Defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence. In the event that Defendant retains the right to a direct appeal, that right is limited to appealing sentencing issues only.

Defendant and the United States Attorney agree that nothing in this plea agreement shall affect the Government's right or obligation to appeal as set forth in 18 U.S.C. § 3742(b). If, however, the United States Attorney appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

(H) Defendant agrees to provide complete, candid, and truthful statements to law enforcement officers regarding Defendant's involvement and the involvement of all others involved in the charges alleged in the present Superseding Information as well as any and all criminal violations about which Defendant has knowledge or information and that such information provided will be pursuant to and covered by this agreement. Defendant further agrees to provide complete, candid, and truthful testimony regarding such matters in any proceeding. Defendant understands that this agreement does not require Defendant to implicate any particular individual or individuals or to "make a case," rather it requires Defendant to be truthful and to testify truthfully whenever called upon.

4



(I) Defendant and the Government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. Defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(J) Defendant recognizes that, for a defendant who is not a United States citizen, there are a broad range of crimes which are removable offenses, including the offense to which Defendant is pleading guilty. Defendant further recognizes that if convicted of the present crime, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A) That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against Defendant.

(B) That he further agrees, if Defendant cooperates truthfully and completely with the Government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to Defendant's cooperation, to make the extent of Defendant's cooperation known to the sentencing court. If Defendant is not completely truthful and candid in Defendant's cooperation with the Government, Defendant may be subject to prosecution for perjury, false statements, obstruction of justice, and/or any other applicable charge. If the cooperation is completed prior to sentencing, the Government agrees to consider whether such

5



cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. § 3553(e) and/or Section 5K1.1 of the Sentencing Guidelines warranting the filing of a motion at the time of sentencing recommending a downward departure from the applicable guideline range. If the cooperation is completed subsequent to sentencing, the Government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure warranting the filing of a motion for reduction of sentence within one year of the imposition of sentence. In either case, Defendant understands that the determination as to whether Defendant has provided "substantial assistance" rests solely with the Government. Any good faith efforts on the part of Defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure or a Rule 35 motion. In addition, should Defendant fail to cooperate truthfully and completely with the Government, or if Defendant engages in any additional criminal conduct, Defendant shall not be entitled to consideration pursuant to this paragraph.

(C) Pursuant to Section 1B1.8 of the United States Sentencing Guidelines, the Government agrees that any self-incriminating information which was previously unknown to the Government and is provided to the Government by Defendant in connection with Defendant's cooperation and as a result of Defendant's plea agreement to cooperate will not be used in determining the applicable guideline range. Further, the Government agrees not to bring additional charges against Defendant, with the exception of charges resulting from or related to violent criminal activity, as defined in 18 U.S.C. § 924(e)(2)(B), based on any information provided by Defendant in connection with Defendant's cooperation, which information was not known to the Government prior to said cooperation. This does not restrict the Government's use of information previously known or independently obtained for such purposes.

6

(D) If Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the United States Attorney will recommend to the Court that Defendant receive an appropriate downward departure for such acceptance. It is entirely within the Court's discretion whether or not Defendant would be entitled to any reduction based upon an acceptance of responsibility. The United States expressly reserves its right to furnish to the Court information, if any, showing that Defendant has not accepted responsibility, including, but not limited to, denying Defendant's involvement, giving conflicting statements as to Defendant's involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(F) The Government agrees not to file an information with the Court, as set forth in 21 U.S.C. § 851, such that Defendant will not be subject to an increased range of maximum statutory punishments.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

7



(7)

As an aid to this Court, the United States Attorney and Defendant, by and through Defendant's counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and Defendant stipulate and agree that the Government could prove the following beyond a reasonable doubt:

Defendant agrees and stipulates that the Government can prove beyond a reasonable doubt the facts alleged in Count One of the Superseding Information.

On October 1, 2013, David Benton pled guilty to possession of methamphetamine with intent to distribute in Superior Court for Elbert County. While in prison in the Middle District of Georgia, the police monitored his jail house calls. On those calls, Benton repeatedly spoke with M.C., his girlfriend, and they discussed her distributing drugs in code. For example, in a recorded call on October 7, 2013, Benton told M.C. that he was "scared to talk on the phone much," but he would "write you and tell you what to do with that stuff," and "it's the best of the best." Benton later in the same call told M.C. that "we'll be rich, just sell that shit and put the money in the bank."

On December 7, 2013, Piedmont Northern Multi-Agent Narcotics Squad Drug Agent Hope Cobb intercepted M.C. when she arrived at the Elbert County Detention Center to meet with Benton. M.C. waived her Miranda rights by written waiver and told the police that Benton had told her where to dig up a portion of ground near a trailer in South Carolina and to remove

8



ammunition boxes buried there. M.C. did so and kept the boxes in a rental storage unit for a while and then placed them in the basement of her mother's house where she was currently living. M.C. then gave the police a written statement to the same effect.

The police in Elbert County called the Anderson County Sheriff's Department in South Carolina, and officers from both states went to M.C.'s residence in Anderson. M.C. met with the police there and signed a consent form for the house to be searched. In the basement, inside a vodka box, the police located a large quantity of suspected methamphetamine stored in four bags, a set of digital scales and 3 ammunition boxes that had a large amount of red clay on them as if they had been buried in the ground.

The suspected methamphetamine was sent to the GBI for analysis. The first sealed package contained two bags of solid material with a net weight of 785 grams which tested positive for methamphetamine. The first bag was 79.5% pure, the second bag was 79.2% pure. The second sealed package contained two bags of solid material with a net weight of 515.98 grams which tested positive for methamphetamine. The first bag was 70.8% pure, the second bag was 79.3% pure.

For purposes of relevant conduct under U.S.S.G. Section 1B1.3, Defendant and the Government stipulate and agree that the amount of illegal drugs attributable to Defendant is 785 grams of methamphetamine with a 79.2% purity and 515.98 grams of methamphetamine with a 70.8% purity, for a total of 987.03 grams of actual methamphetamine.

Finally, Defendant admits that he conspired with M.C. to retrieve the methamphetamine from its hidden location, and he told M.C. to sell the methamphetamine on his behalf. Defendant also admits that:

9



(1) on October 1, 2013, he pled guilty to one felony count of Possession of Methamphetamine with Intent to Distribute in the Superior Court of Elbert County in case number 13-ER-156(H);

(2) on October 1, 2013, he pled guilty to one felony count of Criminal Solicitation in the Superior Court of Elbert County in case number 13-ER-157(H)

(3) on October 1, 2013, he pled guilty to four felony counts of Possession of Firearm by a Convicted Felon and one felony count of theft by receiving stolen property in the Superior Court of Elbert County in case number 13-ER-140(H);

(4) on July 16, 2010, he pled guilty to one felony counts of Possession of Firearm by a Convicted Felon in the Superior Court of Elbert County in case number 09-ER-6(M); and

(5) on September 11, 2006, he pled guilty to one felony count of Terroristic Threats in the Superior Court of Elbert County in case number 06-ER-27(T).



(8)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by Defendant.

SO AGREED, this 8th day of April, 2015.

MICHAEL J. MOORE
UNITED STATES ATTORNEY

BY: _____
PETER D. LEARY
ASSISTANT UNITED STATES ATTORNEY

11

I, DAVID BENTON, have read this agreement and had this agreement read to me by my attorney, Catherine M. Williams. I have discussed this agreement with my attorney, and I fully understand it and agree to its terms.

*David Benton*

DAVID BENTON
DEFENDANT

I, Catherine M. Williams, attorney for Defendant DAVID BENTON, have explained the Superseding Information and the Government's evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

*Cal M. Will*

CATHERINE M. WILLIAMS
ATTORNEY FOR DEFENDANT

12

